UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:24-CV-00041-HBB

ALBERT P.[1]                                                              PLAINTIFF

VS.

LELAND DUDEK,
Acting Commissioner of Social Security[2]                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

### I.    BACKGROUND

Before the Court is the Complaint (DN 1) of Albert P. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).  Both the Plaintiff and Defendant have filed a brief (DN 12, 14).  For the reasons that follow, the final decision of the Commissioner is **AFFIRMED.**

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 8).  By Order entered June 17, 2024 (DN 9), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted.  No such request was filed.

---

1 Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.
2 Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek is substituted as the defendant in this suit.

## II.     FINDINGS OF FACT

On February 9, 2023, Plaintiff protectively filed an application for Disability Insurance Benefits (Tr. 17, 134-37).   Plaintiff alleged that he became disabled on March 31, 2004, as a result of depression, iliac kidney, pinched nerves, massive heart attack, COPD, emphysema, chronic asthmatic bronchitis, torn rotator cuffs, torn lumbar disc, arthritis, knee replacement, lower back pain, lung nodules, liver nodules, PTSD and Raynaud's syndrome (Tr. 61, 66, 161).   The application was denied initially on February 17, 2023, and upon reconsideration on April 26, 2023 (Tr. 65, 71).[3]   On May 10, 2023, Plaintiff filed a written request for hearing (Tr. 16, 82).

On September 20, 2023, Administrative Law Judge Steve Collins ("ALJ") conducted a hearing in Bowling Green, Kentucky (Tr. 17, 30).   Plaintiff and his counsel, Jeffrey Staton, attended the hearing and Plaintiff testified (*Id.*).   Sharon Lane, an impartial vocational expert, also testified during the hearing (*Id.*).

In a decision dated November 27, 2023, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 17-24).   At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since March 31, 2004, the alleged onset date, through March 31, 2004, his date last insured (Tr. 19).   At the second step, the ALJ determined that Plaintiff has the following severe impairment: degenerative disc disease of the lumbar spine (*Id.*).   At the third step, the ALJ concluded through the date last insured, Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (*Id.*).

---

[3] The ALJ indicates the application was denied initially on February 22, 2023, and upon reconsideration on April 28, 2023 (Tr. 17).   As the Disability Determination and Transmittal forms indicate February 17, 2023, and April 26, 2023 (Tr. 65, 71), the undersigned has used those dates.

2

At step four, the ALJ found, through the date last insured, Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) except he could occasionally stoop, kneel, crouch, crawl, and climb ramps or stairs, but he could never climb ladders, ropes, or scaffolds; he had to avoid concentrated exposure to vibrations, dangerous machinery, and unprotected heights (DN 20). Additionally, the ALJ determined that Plaintiff is unable to perform any past relevant work (Tr. 22).

The ALJ proceeded to the fifth step where he considered Plaintiff's RFC, age, education, and past work experience as well as testimony from the vocational expert (Tr. 23-24). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (*Id.*). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, through March 31, 2004 (Tr. 24).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 130-33). The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

### III.  CONCLUSIONS OF LAW

#### A.  Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton*, 2 F.3d at 695 (quoting *Casey v.*

*Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton*, 2 F.3d at 695-96.

### B. The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits to persons with disabilities. 42 U.S.C. § 401 et seq. (Title II Disability Insurance Benefits). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A) (Title II); 20 C.F.R. § 404.1505(a); *Barnhart v. Walton*, 535 U.S. 212, 214 (2002); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. § 404.1520. In summary, the evaluation proceeds as follows:

      1)      Is the claimant engaged in substantial gainful activity?

      2)      Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

      3)      Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

      4)      Does the claimant have the RFC to return to his or her past relevant work?

      5)      Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

20 C.F.R. § 404.1520(a)(4)(i)-(v). Here, the ALJ denied Plaintiff's claim at the fifth step.

    **C.**    **Challenges to The ALJ's Determinations**

        **1.**    *Medical Evidence in the Record*

The administrative record contains eight medical exhibits that address medical treatment Plaintiff received over four decades (Tr. 215-60, 261-378, 379-88, 389-418, 419-20, 421-610, 611-78, 679-89). As Plaintiff filed an application for Disability Insurance Benefits, the issue before the Commissioner is whether Plaintiff demonstrated that he became disabled on or before March 31, 2004, his date last insured. *See* 20 C.F.R. §§ 404.131(b), 404.1501, 404.1505(a); *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990); *McNier v. Comm'r of Soc. Sec.*, 166 F. Supp. 3d 904, 911 (S.D. Ohio 2016). Oddly, his onset date is also listed as March 31, 2004 (Tr. 17, 161).

A portion of the medical records is best described as history evidence as it pertains to treatment Plaintiff received more than a decade before March 31, 2004.[4] The ALJ explained that

---

4 The sixth medical exhibit addresses treatment Plaintiff received from January 28, 1985 through July 23, 1988 (Tr. 421-610).

these records did not establish entitlement to disability benefits during the relevant time in question because of they were quite old and from a time when Plaintiff was either actively engaged in substantial gainful activity or they preceded substantial gainful activity such as work activity between 1992 and 1996 (Tr. 21). The ALJ's findings are supported by substantial evidence in the record and comport with applicable law. *See Forsyth v. Colvin*, No. 1:14-CV-00721-LSC, 2015 WL 5063725, at *3 (N.D. Ala. Aug. 26, 2015) (recognizing that a proper longitudinal view of evidence focuses on the onset date forward, "using prior history evidence insofar as it is useful to prove disability beginning at the onset date").

A portion of the medical evidence concerns treatment Plaintiff received prior to his onset date through more than two years after March 31, 2004, his date last insured.[5] The ALJ considered this evidence in assessing Plaintiff's claim of disability (Tr. 21). But in doing so the ALJ was mindful that evidence concerning Plaintiff's condition after expiration of his insured status is generally of little probative value unless it relates back to Plaintiff's condition on March 31, 2004 (*Id.*). *See Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 845 (6th Cir. 2004); *Wirth v. Comm'r of Soc. Sec.*, 87 F. App'x 478, 480 (6th Cir. 2003); *Abney v. Astrue*, No. CIV A 507-394-KKC, 2008 WL 2074011, at *6 (E.D. Ky. May 13, 2008). The ALJ's findings regarding the relevance of medical evidence from 2005 are supported by substantial evidence and comport with applicable law.

The rest of the medical evidence in the record addresses mental health treatment Plaintiff sought and received from seven to nearly twenty years after his date last insured.[6] The ALJ

---

[5] The first and second medical exhibits collectively address treatment Plaintiff received from March 1, 2001 through October 1, 2004 (Tr. 215-260, 261-378). The third, fourth, and fifth medical exhibits collectively address treatment Plaintiff received from June 14, 2004 through December 13, 2005 (Tr. 379-88, 389-418).
[6] The seventh and eighth medical exhibits collectively address treatment Plaintiff received from January 23, 2010

acknowledged the records but appropriately concluded they did not speak to Plaintiff's mental abilities prior to or on March 31, 2004, nor could they establish the existence of a medically determinable impairment that far back in time (Tr. 22). The ALJ acknowledged while Plaintiff claimed mental health treatment received in 2023 addressed trauma experienced prior to the date last insured, there was a near twenty-year gap between the two events and evidence of a negative PTSD screening in April 2005 (*Id.*). The ALJ's findings regarding the relevance of this medical evidence is supported by substantial evidence and comports with applicable law.

### 2.   *New Evidence*

Next, Plaintiff cites correspondence from the Department of Veterans Affairs ("VA"), dated August 20, 2024, announcing the determination of 100% permanent and total disability effective March 9, 2023 (DN 21 PageID # 717; DN 21-1 PageID # 720-21). Plaintiff claims this new evidence is relevant because it is based upon injuries he sustained while he served in the Army from January 1985 through June 1988, "along with subsequent problems associated with those injuries" (DN 21 PageID # 717).

Unfortunately, Plaintiff fails to appreciate that 42 U.S.C. § 405(g) limits the Court's review to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence" and whether the correct legal standards were applied. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (citing 42 U.S.C. § 405(g); *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011)). As the Appeals Council denied Plaintiff's request for review (Tr. 1-3), the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981; *see* 42 U.S.C. § 405(h) (finality of the Commissioner's

---

through August 31, 2023 (Tr. 611-78, 679-89).

decision). Consequently, the Court's review is limited to the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton*, 2 F.3d at 695-96. As the correspondence from the VA was not in the administrative record when the ALJ issued his decision, the Court cannot consider it in assessing whether the final decision of the Commissioner is supported by "substantial evidence."

The Court can, however, consider this new evidence for the limited purpose of determining whether a pre-judgment remanded to the Commissioner, pursuant to sentence six of 42 U.S.C. § 405(g), is appropriate. When evaluating the appropriateness of such a remand, the Court does not address the correctness of the administrative decision. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991), *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006). Rather, the court remands because new evidence has come to light that was not available to Plaintiff at the time of the administrative proceeding and the new evidence might have changed the outcome of the final decision of the Commissioner. *Melkonyan*, 501 U.S. at 98. As Plaintiff would be seeking this type of remand, he has the burden of demonstrating that there is "new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" 42 U.S.C. § 405(g); *see also*, *Cline*, 96 F.3d at 148; *Faucher v. Sec'y of Health & Hum. Servs.*, 17 F.3d 171, 174-75 (6th Cir. 1994).

The Supreme Court of the United States has explained that evidence is "new" only if it was "not in existence or available to the claimant at the time of *the administrative proceeding*." *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990); *see Melkonyan*, 501 U.S. at 98 (indicating that evidence is "new" if it was not available to the claimant at the time of the administrative

proceeding). Unquestionably, correspondence from the VA dated August 20, 2024, is "new" because it was not in existence at the time the ALJ conducted the administrative hearing on September 20, 2023.[7]

"Good cause" is demonstrated by showing "a reasonable justification for *the failure to acquire and present the evidence for inclusion in the hearing* before the ALJ." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (emphasis added). Plaintiff can demonstrate "good cause" because the new evidence did not exist at the time the ALJ conducted the administrative hearing.

Evidence is "material" only if there is "a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Ferguson*, 628 F.3d at 276 (quoting *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)); *Sizemore v. Sec'y of Health & Hum. Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). The correspondence from the VA indicates while Plaintiff has several service-connected health conditions, he did not reach 100% disability until March 9, 2023 (DN 12-1 PageID # 720-21). Thus, this disability determination does not relate back 6,917 days to Plaintiff's condition on March 31, 2004. In fact, it actually provides additional support for the ALJ's conclusion that Plaintiff was not under a disability, as defined in the Social Security Act, on March 31, 2004 (Tr. 24). Considering the circumstances, a prejudgment remand under sentence six of 42 U.S.C. § 405(g) is not appropriate because Plaintiff cannot demonstrate the new evidence is material.

### 3. *20 C.F.R. § 404.1527*

Next, Plaintiff mistakenly argues the ALJ failed to properly evaluate the evidence under

---

[7] The Sixth Circuit uses "administrative proceeding" and "hearing" interchangeably in its discussion of the applicable law. *See e.g., Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010); *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Thus, in assessing whether the evidence is new, the issue is whether the correspondence from the VA existed or was available to Plaintiff at the time of the administrative hearing.

the criteria in 20 C.F.R. § 404.1527 (DN 12 PageID # 717). The new regulations for evaluating medical opinions and prior administrative medical findings are applicable to Plaintiff's case because he filed his application after March 27, 2017 (Tr. 17, 134-37). *See* 20 C.F.R. § 404.1520c.

### 4.     *Finding No. 4*

Plaintiff asserts that the ALJ failed to evaluate all of the medical evidence under the revised criteria in the listings of impairments (DN 12 PageID # 717). For the reasons set forth above, only a small portion of the evidence in the record is actually relevant to Plaintiff's condition on March 31, 2004. The ALJ considered the relevant medical evidence and provided an adequate explanation why Plaintiff failed to meet listing 1.15 or 1.16 (Tr. 19-21). The ALJ's findings are supported by substantial evidence and comport with applicable law. 20 C.F.R. §§ 404.1525(a), 404.1526(a). Further, the medical evidence cited by Plaintiff (*Id.* at PageID # 718) (citing Tr. 234, 239, 293, 305, 306, 313, 317, 318, 322, 326, 364, 366, 368) is not inconsistent with the medical evidence cited in the ALJ's decision (Tr. 21). Furthermore, while it illustrates flare ups of Plaintiff's degenerative disc disease of the lumbar spine, it does not demonstrate significant limitations that lasted or were expected to last for a continuous period of at least 12 months. 20 C.F.R. § 404.1509.

### 5.     *Finding No. 5*

Contrary to Plaintiff's general assertions, the ALJ's RFC determination is supported by substantial evidence in the record and comports with applicable law (Tr. 20-22). The RFC determination is the ALJ's ultimate determination of what Plaintiff can still do despite his physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546(c). The ALJ normally makes this

finding based on a consideration of medical source statements, prior administrative medical findings, and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a)(3), 404.1546(c). In making the RFC determination the ALJ normally evaluates the persuasiveness of medical source statements and prior administrative medical findings in the record as well as assess Plaintiff's subjective allegations. 20 C.F.R. §§ 404.1520c, 404.1529(a).

Here, the ALJ accurately summarized the relevant medical evidence, including objective testing results, concerning Plaintiff's degenerative disc disease of the lumbar spine (Tr. 21). Further, the ALJ considered the medical evidence, including objective testing results, that addressed Plaintiff's physical impairment in 2005 (*Id.*). The ALJ adequately explained why the evidence from 2005 did not relate back to Plaintiff's condition on or before March 31, 2004 (*Id.*). The ALJ acknowledged Plaintiffs testimony about use of a cane since 2001 but observed there was "no evidence of persistent gait disturbance or lower extremity abnormalities that would make an assistive device medically necessary" prior to or on March 31, 2004 (Tr. 21-22).

Additionally, the ALJ noted the lack of administrative medical findings by state agency medical consultants due to the absence of sufficient evidence predating the date last insured to make a reasonable assessment of Plaintiff's physical and mental abilities (Tr. 22) (citing Tr. 61-64, 66-70). Additionally, the ALJ explained there was an absence of pertinent evidence to support the existence of a medically determinable mental impairment prior to and on March 31, 2004 (*Id.*). The ALJ also considered but discounted the third-party report prepared by Plaintiff's former spouse as not helpful in assessing Plaintiff's highest level of functioning during the relevant time period (*Id.*).

The ALJ also discussed Plaintiff's subjective statements concerning his physical and mental impairments dating back to March 31, 2004 (Tr. 20). The ALJ found although Plaintiff has a medically determinable physical impairment—degenerative disc disease of the lumbar spine—that could reasonably be expected to cause the alleged physical symptoms; Plaintiff's subjective statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely consistent with the medical evidence and other evidence in the record (*Id.*) (citing 20 C.F.R. §§ 404.1529(a), (c)(3); *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986).

For the above reasons, the ALJ's RFC determination is supported by substantial evidence and comports with applicable law, including Social Security Ruling 16-3p.

### 6.     *Finding No. 10*

At the fifth step, the Commissioner has the burden of demonstrating a significant number of jobs exist in the national economy that the claimant can perform, given his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v) and (g), 404.1566(a); *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 684 (6th Cir. 1992); *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990); *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980). When, as here, the claimant's age, education, previous work experience, and RFC do not coincide with all the criteria of a particular Grid Rule, the Commissioner is limited to using the Grid Rule as a framework in the decision-making process and must make a non-guideline determination based on the testimony of a vocational expert. 20 C.F.R. § 404.1566(e); *Born*, 923 F.2d at 1174; *Varley v. Sec'y of Health & Hum. Servs.*, 820 F.2d 777, 779 (6th Cir. 1987); *Kirk v. Sec'y of Health & Hum. Servs.*, 667 F.2d 524, 531, 535 (6th Cir. 1981).

During the administrative hearing, the ALJ posed three hypothetical questions to the ALJ (Tr. 57-58). The first hypothetical question accurately set forth the limitations in the ALJ's RFC determination (*compare* Tr. 20 *with* Tr. 57) and, therefore, fully comports with SSR 16-3p. The vocational expert responded by opining that the hypothetical individual would be able to perform jobs such as small product assemblers, Dictionary of Occupational Titles ("DOT") No. 706.684-022, with 261,000 jobs nationally; inspector/packager, DOT No. 559.687-074, with 177,000 jobs nationally; and routing clerk, DOT No. 222. 687-022, with 79,000 jobs nationally (Tr. 58). Considering the circumstances, the ALJ appropriately relied on the testimony of the vocational expert to find that, through the date last insured, considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that existed in significant numbers in the national economy (Tr. 23-24). Contrary to Plaintiff's assertion, SSR 16-3p does not apply to the second and third hypothetical questions posed to the vocational expert because they do not set forth the limitations in the ALJ's RFC determination (*compare* Tr. 20 *with* Tr. 58). Additionally, for the above stated reasons, the final decision of the Commissioner is supported by substantial evidence in the administrative record and comports with applicable law.

### 7. *Claims Concerning the Appeals Counsel*

Plaintiff makes several objections to the Appeals Counsel's review of his claims challenging the ALJ's decision. The Appeals Council's denial of Plaintiff's request for review (Tr. 1-3) is not a "final decision" within the meaning of 42 U.S.C. §§ 405(g) and (h). *Califano v. Sanders*, 430 U.S. 99, 108-109 (1977). For this reason, the Court lacks subject matter jurisdiction under 42 U.S.C. § 405(g) to address Plaintiff's claims.

### 8. *Claims Regarding Counsel*

Plaintiff makes several accusations about the ineffectiveness of his attorney's representation during the administrative hearing. His claims—inadequate preparation and failure to question Plaintiff—are soundly rebutted by counsel's opening statement and several pages of probing questions posed to Plaintiff about his physical impairments, mental impairment, and the impact they had on Plaintiff during the relevant time frame (Tr. 34-35, 48-54). Consequently, Plaintiff's accusations are specious at best.

## VI.    CONCLUSION

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion . . ." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (cleaned up). Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law. *Id.* After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law. Therefore, Plaintiff is not entitled to relief with regard to his challenge.

## VII.  ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

April 7, 2025

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:  Albert P., *pro se*
  Counsel